**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4678-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JALONN LASSITER, a/k/a
JALOON LASSITER

    Defendant-Appellant.

_____

Submitted January 10, 2022 – Decided January 31, 2022

Before Judges Sabatino and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 04-10-1210.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After a jury trial in 2006, defendant Jalonn Lassiter was found guilty of first-degree robbery, N.J.S.A. 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); and an amended count of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a). The offenses arose out of the fatal shooting of the victim during a drug transaction. The State's proofs established that defendant, who was twenty-four years old at the time of these crimes, was the shooter.

In December 2006, the trial court granted the State's motion for a mandatory extended term sentence under N.J.S.A. 2C:43-7.1(a), known as the "Three Strikes Law," which requires three earlier-in-time predicate offenses.[1] The court merged the three counts of which defendant had been found guilty, and sentenced him to life imprisonment without parole ("LWOP") on the felony murder count. The sentence in this case was made concurrent with the sentence of one of the predicate offenses arising in Middlesex County, which defendant had already begun serving by that time.

---

[1] Defendant does not dispute his criminal record included the requisite three qualifying predicate offenses under the statute.

Defendant's conviction and sentence have been affirmed in multiple previous direct and collateral appeals.[2]  Most recently, he moved for relief from his LWOP sentence, which the trial court denied in a written opinion dated March 5, 2019.

In his present appeal, defendant argues the trial court erred in denying his motion for relief, essentially for two reasons:  (1) the trial court must retroactively apply to him mitigating sentencing factor fourteen, N.J.S.A. 2C:44-1(b)(14) (applicable to offenders who commit crimes when under the age of twenty-six), a provision enacted by the Legislature in 2020; and (2) the Eighth Amendment of the United States Constitution and Article I, paragraphs 1 and 12 of the New Jersey Constitution require the trial court to apply the "youth factors" for certain juvenile offenders set forth by the United States Supreme Court in Miller v. Alabama, 567 U.S. 460 (2012) and its progeny, and by the New Jersey Supreme Court in State v. Zuber, 227 N.J. 422 (2017).  Neither argument is tenable.

---

[2]  We need not present here the citations to all of those unpublished opinions, except we choose to incorporate by reference the thorough factual and procedural history recited in our opinion affirming defendant's denial of post-conviction relief in 2013.  State v. Lassiter, A-0501-11 (App. Div. Apr. 19, 2013), certif. denied, 216 N.J. 14 (2013).

This court's precedential opinion in <u>State v. Bellamy</u>, 468 N.J. Super. 29 (App. Div. 2021), holds that mitigating factor fourteen does not apply retroactively to criminal convictions that were not on direct appeal when the statute was enacted in 2020.

We are mindful that recently, in <u>State v. Rivera</u>, __ N.J. ___ (Dec. 29 2021), the Supreme Court did remand a matter allowing the trial court to apply mitigating factor fourteen to a defendant who had been originally sentenced before the 2020 statute took effect. However, <u>Rivera</u> is distinguishable from the present case because that case was procedurally on direct appeal from an affirmed judgment of conviction, and also because the Court had an independent basis to remand for a resentencing (there, the sentencing judge's mistaken treatment of a defendant's youth as an aggravating factor). <u>Id</u>., slip op. at 10, 17-22.

We are likewise mindful that the Court has granted certification in <u>State v. Rahee Lane,</u> A-17-21, __ N.J. __ (2021) (certification granted Oct. 18, 2021), in which the pure legal question before the Court is whether, and if so, to what extent, N.J.S.A. 2C:44-1(b)(14) applies retroactively. Unless and until such time that the Court holds to the contrary in <u>Lane</u>, we abide by our holding in

<u>Bellamy</u>.  The new statutory mitigating factor does not apply to defendant, who was sentenced more than a decade ago in 2006.

Defendant's constitutional argument is also unavailing.  The United States Supreme Court in <u>Miller</u>, and other ensuing opinions, restricted its holdings invaliding certain LWOP (or LWOP equivalent) sentences to juveniles, i.e., offenders under the age of eighteen.  <u>See, e.g</u>., <u>Jones v. Mississippi</u>, 141 S.Ct. 1307, 1319 (2021) (finding that, for <u>juvenile</u> homicide offenders, a State's discretionary sentencing system for imposing LWOP is constitutionally sufficient under the Eighth Amendment, and a sentencer is not required to also make a separate factual finding of permanent incorrigibility before imposing LWOP); <u>Montgomery v. Louisiana</u>, 577 U.S. 190, 206 (2016) (holding that <u>Miller</u>'s prohibition of mandatory LWOP sentences for <u>juvenile</u> offenders under the Eighth Amendment was retroactive on state collateral review).  Because defendant committed his offense at the age of twenty-four, he is not eligible under the Eighth Amendment for the application of the <u>Miller</u> youth factors.

Similarly, the New Jersey Supreme Court has not extended its holdings under the State Constitution to require a sentencing court's application of the <u>Miller</u> youth factors to adult offenders. <u>See, e.g</u>., <u>Zuber</u>, 227 N.J. at 451 ("we hold that sentencing judges should evaluate the <u>Miller</u> factors at [the time of

sentencing] to 'take into account how <u>children</u> are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.'" (citing <u>Miller</u>, 567 U.S. at 480) (emphasis added)).

Indeed, very recently on January 10, 2022, the Court issued a majority opinion in <u>State v. Comer/State v. Zarate</u>, __ N.J. __ (2022), which constitutionally granted a twenty-year "look back" resentencing hearing to juvenile offenders who had been waived to the Criminal Part and who received custodial terms exceeding twenty years. Notably, the Court did not confer that right upon offenders who had been age eighteen or older. Slip op. at 51 ("we therefore hold under the State Constitution that <u>juveniles</u> may petition the court to review their sentence after 20 years.") (Emphasis added).

Although the Court majority in <u>Comer/Zarate</u> cited to articles about brain science that explain why many youths do not reach maturity for years until after their eighteenth birthdays, the Court's holding was plainly limited to juveniles. Slip op. at 48, n.5. If a further constitutional expansion is warranted, we respectfully submit it is not our prerogative as an intermediate appellate court to make such new case law. In addition, as illustrated by the enactment of mitigating factor fourteen, the Legislature has the law-making power to craft a statute to address older convictions such as this one, should it choose to do so

as a matter of policy. No established federal or state precedent currently invalidates the mandatory application of the Three Strikes Law and the LWOP sentence in this case.

We have duly considered defendant's other points and sub-points, and they have insufficient merit to warrant comment. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION